IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01642-BNB

CHARLES ELLOIT HARRIS, JR.,

    Plaintiff,

v.

ROBERT FITZGIBBONS 97029,
ANTHONY WILKERSON 05161,
KEITH FOWLER 82071,
DANIELA BARNHILL 05149,
JOHN SULLIVAN 94044,
ERNEST QUITANA 01052, Same Police #,
MATTHEW BUCKSKIN 05167, and
JOHN ADSIT, 01052, Same Police #,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 6 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Charles Elloit Harris, Jr., filed *pro se* on October 25, 2006, a motion titled "Motion to Re-Open Case[,] Motion to Re-Consider." Mr. Harris asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed on October 6, 2006. The Court must construe the motion to reconsider liberally because Mr. Harris is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). ***See id.*** A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243. Mr. Harris's motion, which was filed more than ten days after the Court's Order and Judgment of Dismissal filed on October 6, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice for failure to cure the designated deficiencies. The Court determined that Mr. Harris failed within the time allowed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing or to cure the other designated deficiencies as directed. The Court specifically determined that Mr. Harris submitted a certified copy of his trust fund account statement for two months only. The reasons for the dismissal are discussed in detail in the order and judgment of dismissal filed on October 6, 2006. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Harris fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion for reconsideration will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Re-Open Case[,] Motion to Re-Consider" that Plaintiff Charles Elloit Harris, Jr., filed ***pro se*** on October 25, 2006, and which the Court has construed liberally as a motion pursuant to Rule 60(b) of the

2

Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this __15__ day of __Nov.__, 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01642-BNB

Charles E. Harris, Jr.
Prisoner No. 1498836
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11-16-06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk