IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 6 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01642-BNB

CHARLES ELLOIT HARRIS, JR.,

    Plaintiff,

v.

ROBERT FITZGIBBONS 97029,
ANTHONY WILKERSON 05161,
KEITH FOWLER 82071,
DANIELA BARNHILL 05149,
JOHN SULLIVAN 94044,
ERNEST QUITANA 01052, Same Police #,
MATTHEW BUCKSKIN 05167, and
JOHN ADSIT, 01052, Same Police #,

    Defendants.

ORDER GRANTING MOTION TO RECONSIDER

Plaintiff Charles Elloit Harris, Jr., currently is incarcerated at the Denver County Jail. He submitted to and filed with the Court *pro se* on January 16, 2007, a letter which the Court will treat as a motion to reconsider. Mr. Harris asks the Court to reconsider and vacate the Order and Judgment of Dismissal filed on October 6, 2006. The Court must construe the motion to reconsider liberally because Mr. Harris is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the liberally construed motion to reconsider will be granted.

Mr. Harris failed to make clear in the motion to reconsider he filed on October 25, 2006, that he only had been incarcerated for two months. Rather, he informed the Court that the reason he only submitted a two-month account statement was because "it was

what Plaintiff/Petitioner had at the time of request." *See* October 25, 2005, motion to reconsider at 1-2. That statement failed to communicate to the Court that Mr. Harris had only been incarcerated in the Denver County Jail for two months. Therefore, the Court denied his October 25 motion to reconsider. It has become clear to the Court that Mr. Harris only was incarcerated for two months at the time he submitted his two-month account statement.

Therefore, the liberally construed motion to reconsider filed on January 16, 2007, will be granted. The October 6, 2006, order dismissing the complaint and the instant action without prejudice for failure to cure will be vacated. The Court will determine in a separate order whether Plaintiff will be granted leave to proceed pursuant to 28 U.S.C. § 1915. Accordingly, it is

ORDERED that the letter Plaintiff Charles Elloit Harris, Jr., submitted to and filed with the Court *pro se* on January 16, 2007, and which the Court has treated as a motion to reconsider, is granted. It is

FURTHER ORDERED that the October 6, 2006, order dismissing the complaint and the instant action without prejudice for failure to cure is vacated. It is

FURTHER ORDERED that the instant action is reopened. It is

FURTHER ORDERED that the Court determine in a separate order whether Plaintiff should be granted leave to proceed pursuant to 28 U.S.C. § 1915.

DATED at Denver, Colorado, this 6 day of Feb. , 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01642-BNB

Charles E. Harris, Jr.
Prisoner No. 1498836
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  2-6-07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk