IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01642-BNB

CHARLES ELLOIT HARRIS, JR.,

    Plaintiff,

v.

ROBERT FITZGBBONS [sic] 97029,
ANTHONY WILKERSON 05161,
DENVER POLICE DEPARTMENT DISTRICT 6
    OF THE CITY OF DENVER, COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 8 - 2007

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Charles Elloit Harris, Jr., currently is incarcerated at the Denver County Jail. On February 27, 2007, in response to an order for an amended complaint, he filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated. He asks for money damages.

Mr. Harris has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2006) without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss **sua sponte** an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

For the reasons stated below, the complaint will be dismissed in part pursuant to § 1915 (e)(2)(B) as legally frivolous.

Mr. Harris is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Harris is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Harris alleges that his constitutional rights were violated in the course of his arrest on July 17, 2006. He specifically alleges that Defendant Denver Police Officers Robert Fitzgibbons and Anthony Wilkerson subjected him to excessive force by beating him, handcuffing him, and shooting him with a tazer, including after he was handcuffed. He further alleges that he was taken to the hospital and was diagnosed with a blunt-force injury.

Mr. Harris appears to be attempting to sue John Doe police officers but he fails

to name them in the caption to the amended complaint. *See* amended complaint at 6. Mr. Harris may use fictitious names, such as "John Doe" and "Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Harris uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. He has failed to do so. Therefore, the Court will not address any claims Mr. Harris may be attempting to assert against the John Doe Defendants, and they will be dismissed as parties to this action.

Mr. Harris also may not sue Defendant Denver Police Department District 6. The Denver Police Department is not a separate entity from the City and County of Denver and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the Denver Sheriff's Department must be considered as asserted against the City and County of Denver.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Harris cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Therefore, the claims against the

Denver Sheriff's Department must be dismissed. Accordingly, it is

ORDERED that claims asserted against the John Doe Defendants and against the Denver Police Department are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the clerk of the Court is directed to correct the Court's docketing records to remove the John Doe Defendants and Defendant Denver Police Department District 6 as parties to this action. It is

FURTHER ORDERED that the remaining claims against the remaining Defendant Denver Police Officers Robert Fitzgibbons and Anthony Wilkerson will be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __8__ day of __March__, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01642-BNB

Charles E. Harris, Jr.
Prisoner No. 1498836
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  3-8-07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk